# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BETTINA BUTTS-BOLER,
    Appellant,

    v.

UNITED STATES POSTAL SERVICE,
    Agency.

DOCKET NUMBER
SF-0353-15-0371-I-1

DATE: March 22, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Micah C. Yang, Esquire, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2		The appellant is a Customer Care Agent. The primary duty of this position is answering the telephone and dealing with callers. The appellant claims that she could not endure customer calls pertaining to employees or postal inspection because such calls caused her undue stress and that such calls comprised about 95% of the calls that she had to field. Initial Appeal File (IAF), Tab 25, Attachment. The appellant filed an appeal alleging that the agency improperly failed to restore her following her partial recovery from a compensatory injury. She argued that the agency denied her restoration rights when it determined that it had no work within her restrictions and sent her home on October 10, 2014. IAF, Tab 1. The appellant was absent from October 10, 2014, until she again reported for duty on March 2, 2015, and was cleared by her physician to return to her duties full time effective March 31, 2015. IAF, Tab 13 at 46.

¶3		The administrative judge found that the appellant's absence was due to an emotional condition that, while aggravated by her job, was not due to a job-related injury or illness, and the appellant conceded that she never applied for or received Office of Workers' Compensation Programs (OWCP) benefits for that condition. IAF, Tab 30, Initial Decision (ID) at 5. He also found that the

appellant did not show that she had a compensable injury and did not show that she was an employee with restorations rights. Therefore, he found that the appellant did not meet the jurisdictional requirements for filing a restoration appeal. ID at 5.

¶4        In her petition for review, the appellant states that she suffered an injury that was accepted as job-related by OWCP in September or October 2013 and that she is receiving medical monetary benefits for it. She states that her work-related injury is a different condition from the emotional one that caused her to be absent beginning on October 10, 2014. Petition for Review (PFR) File, Tab 1. Relying on the Board's nonprecedential decision in *Hubbard v. U.S. Postal Service*, MSPB Docket No. AT-0353-13-7341-I-1, Final Order (Nov. 25, 2014), she contends, as she did below, that, under the Employee and Labor Relations Manual (ELM) § 546.622, her emotional condition is a concurrent disability that is not caused by or related to the original job injury that, nonetheless, the postal physician or occupational health nurse administrator should review to determine if it might prevent the appellant from performing the phone answering duties of a Customer Care Agent. PFR File, Tab 1 at 5-8; IAF, Tab 27.

## ANALYSIS AND FINDINGS

¶5        As the administrative judge correctly determined, when an individual partially recovers from a compensable injury and is able to return to limited duty, agencies must make every effort to restore the individual in the local commuting area. 5 C.F.R. § 353.301(d); ID at 2. "Partially recovered" means an injured employee who, though not ready to resume the full range of her regular duties, has recovered sufficiently to return to part time or light duty or to another position with less demanding physical requirements. Ordinarily, it is expected that a partially recovered employee will fully recover eventually. 5 C.F.R. § 353.102; *see, e.g.*, *Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, 96 (1999).

¶6   An employee is "physically disqualified" for purposes of Part 353 where:

(1)   (i) For medical reasons the employee is unable to perform the duties of the position formerly held or an equivalent one, or

(ii) There is a medical reason to restrict the individual from some or all essential duties because of possible incapacitation . . . or risk of health impairment . . .; and

(2)   The condition is considered permanent with little likelihood for improvement or recovery.

5 C.F.R. § 353.102; ID at 2.  An individual who is physically disqualified from her former position or an equivalent one because of a compensable injury has certain agency-wide rights for a 1-year period after her eligibility for compensation begins.  5 C.F.R. § 353.301(c).  After 1 year, such an individual is entitled to the rights accorded fully or partially recovered individuals, as applicable.

¶7   A partially recovered employee may appeal to the Board for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration.  5 C.F.R. § 353.304(c).  Further, to establish jurisdiction over such an appeal, an appellant must prove by preponderant evidence that:  (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.[2]  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012); ID at 2-3.  If the appellant makes nonfrivolous allegations of jurisdiction as to all four elements of the jurisdictional

[2] Effective March 30, 2015, the Board amended its regulations concerning the burden of proof for establishing jurisdiction over restoration appeals filed under 5 C.F.R. § 353.304.  5 C.F.R. § 1201.57(a)(4) (2015).  The amended regulations do not apply to the instant appeal, however, because they apply only to appeals filed on or after March 30, 2015.  80 Fed. Reg. 4489, 4489 (Jan. 28, 2015).

standard, then she is entitled to a jurisdictional hearing. *Bledsoe*, 659 F.3d at 1102.

¶8 Here, we agree with the administrative judge that the appellant was not absent from her position due to a compensable injury. We find that, since the appellant has failed to nonfrivolously satisfy the first jurisdictional element under *Bledsoe* and *Latham*, she cannot establish Board jurisdiction. Thus, whether the appellant requested restoration or whether the agency acted arbitrarily and capriciously is not relevant, as she has failed to show that she was off work due to a compensable injury.

¶9 Even if OWCP had not determined that the appellant's emotional condition was a work-related injury, however, the agency would not have been free to ignore that condition if it were reassigning her from one set of limited duties to another. The agency's ELM recognizes that an individual who is referred for reassignment or reemployment consideration by OWCP may have some degree of concurrent disability that is not caused by or related to the original job injury or disability. IAF, Tab 14 at 10. The ELM also states that the agency physician or occupational health nurse should carefully evaluate all concurrent disabilities and include their potential impact in their recommendation for reassignment or reemployment to the appointing official. *Id*. Thus, under some circumstances, the agency might have been obligated to consider the appellant's emotional condition in any limited-duty assignments it offered her. *See Latham*, 117 M.S.P.R. 400, ¶¶ 12–13, 30–34 (finding that an agency must comply with its own rules, including ELM provisions, when it provides additional benefits or protections to a partially recovered individual).

¶10 In the instant appeal, the appellant testified that she was reassigned to the call center phone duties as a new set of limited duties. In other words, the appellant testified that the Customer Care Agent position constituted a set of limited duties to which she was assigned due to the compensable injury recognized by OWCP in 2013. Hearing Compact Diskette. The appellant also

asserts that she suffered from an emotional condition before she was assigned to the Customer Care Agency position with call center phone duties. However, the appellant failed to show that any agency employee who had a responsibility for reassigning her to a new set of limited duties due to her compensable injury was aware of the emotional condition or that the emotional condition was recorded in agency documents, such that an agency employee reassigning the appellant should have been aware of the condition. We find that, under these circumstances, the appellant did not establish that the agency was obligated to consider her emotional condition in any limited-duty reassignments that it offered her. Therefore, the appellant's argument that the agency was required to follow ELM § 546.622 and thus not reassign her to phone duties, and her reliance on an unpublished and nonprecedential Board decision (*Hubbard*), are unavailing. We find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶11 Finally, we find that the administrative judge properly did not reach the merits of the appellant's claims of disability and age discrimination; the Board lacks jurisdiction over such claims absent an otherwise appealable action. *Latham*, 117 M.S.P.R. 400, ¶ 58; *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.